UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WILLIAMS,

    Plaintiff,

vs.

PATRICIA CARUSO,
NICK LUDWICH, DEPUTY WARDEN
SCHOOLY, CLEVELAND BOYD,
M. BERGHUIS, DR. SANTIAGO,
MARILYN HARRIS, CARMEN
PALMER, D. MALLOT, JOHN
RUBITSCHUN, BARBARA SAMPSON,
CYNTHIA JOHNSON, GARY KASENAW,
RACHAEL JOHNSON, and KENNETH
ROMANOWSKI,

    Defendants.
_____/

Case No. 08-10044

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
## AND REQUEST FOR *IN CAMERA* REVIEW (Dkt. 53)

Plaintiff, an inmate currently at the Macomb County Jail, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 12). Although it is not entirely clear, plaintiff appears to allege that, after defendants discovered that plaintiff was to be released on parole, they retaliated against him by transferring him to a mental hospital for "intense treatment." *Id*. Plaintiff alleges that treatment was forced on him against his will

1

and that because defendants refused to discharge him from "intense care," his parole was suspended. *Id.*

On May 21, 2008, plaintiff filed a "Motion To Request For Production of Documents, Interrogatories for Parole Hearing in Session for the Eastern District of Michigan, Southern Division-Flint." (Dkt. 41). The Court treated this motion as a motion to compel, wherein plaintiff "petitions to the courts, for information, interrogatories, questions and statements of the Parole Hearing-Extension hearing, that the Parole Board had in session and/or/proceeding; Ordered an Extension for the plaintiff July 20, 2005." (Dkt. 41). As the Michigan Department of Corrections defendants (MDOC defendants) explained in their response to the May 21, 2008 motion to compel, plaintiff's motion appeared to request that "copies" of that hearing be provided to the Court for *in camera* review. (Dkt. 49, p. 2). The Court concluded that, under the broad scope of discovery permitted under the federal rules, the information sought is relevant to plaintiff's claims, or is at least likely to lead to the discovery of admissible evidence and granted plaintiff's motion to the extent that plaintiff sought a copy of the transcript, tape(s), and exhibits pertaining to his July, 2005 parole hearing. (Dkt. 50).

Plaintiff then filed another motion to "re-admitt [sic] for copy of original" and "request for production of documents interrogatories from parol hearing" in

which he appears to be seeking: (1) any tape or recording of the July 20, 2005 hearing by the Parole Board during which plaintiff's parole was extended; (2) any tape or recording of plaintiff's parole revocation hearing on August 1, 2006; (3) any tape or recording of plaintiff's parole revocation hearing on November 14, 2006; and (4) "original" documents pertaining to plaintiff's August 1, 2006 and November 14, 2006 parole revocation hearings. (Dkt. 53). Despite its title, the Court will also treat this motion as a motion to compel. Defendants filed a response to this motion on August 6, 2008. (Dkt. 61).[1] Further, defendants submitted a letter dated August 6, 2008 under which they provide, for *in camera* review, copies of the August 1, 2006 and November 14, 2006 parole revocation hearing tapes. (Dkt. 62).

As set forth in footnote 1, there is no basis or need for the Court to review these materials *in camera*. Rather, the Court agrees with defendants that plaintiff should have submitted a proper discovery request to defendants before bringing

---

[1] In their response, defendants state that they "timely complied with the Court's order by submitting materials related to the July 2005 parole hearing to the court for in-camera review on July 10, 2008." (Dkt. 61, p. 2). The Court has no record of receiving any such submission. More importantly, the intent of the Court's June 30, 2008 Order was not for defendants to produce any documents or tapes for *in camera* review, but rather, that copies of items identified in the June 30, 2008 Order would be produced *to plaintiff*. Thus, these materials should be produced to plaintiff forthwith.

any motion to compel. While defendants do not dispute that the parole revocation hearing tapes are pertinent to plaintiff's claims, the Court agrees that plaintiff must comply with the federal rules of civil procedure and serve a request for production of documents or other discovery requests on defendants before bringing a motion to compel. Thus, the Court **DENIES** plaintiff's current motion, but orders defendants to produce to plaintiff a copy of the July, 2005 parole hearing tape and any other documents ordered to be produced in the Court's June 30, 2008 Order.

Plaintiff's motion is further **DENIED** to the extent he requests that defendants be required to submit any original parole hearing tapes or documents for the Court's review. Plaintiff fails to establish that any such relief is necessary or appropriate. Plaintiff is further ordered to send any future discovery requests to counsel for defendants, in accordance with the Federal Rules of Civil Procedure, and is reminded that a party has 30 days to provide responses before any motion to compel may be filed with the Court.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made.

4

Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: September 25, 2008                s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Daniel J. Ferris, Dawn C.M. Jack, Patrick McLain, and Mark V. Schoen, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Edward Williams, 7474 Lasalle, Detroit, MI 48206.

                                                                s/Tammy Hallwood
                                                                 Deputy Clerk
                                                                 U.S. District Court
                                                                 600 Church Street
                                                                 Flint, MI 48502
                                                                 (810) 341-7850
                                                                 tammy_hallwood@mied.uscourts.gov