UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, | Case No. 08-10044 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| vs. | |
| | Michael Hluchaniuk |
| DR. SANTIAGO and<br>MARILYN HARRIS, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DISMISSAL FOR FAILURE TO PROSECUTE AND
DEFENDANTS' MOTION TO DISMISS (Dkt. 70, 72)**

**I.    PROCEDURAL HISTORY**

This is a prisoner civil rights action filed on January 3, 2008.  (Dkt. 1).

Plaintiff, an inmate currently at the Macomb County Jail, brings this action under

42 U.S.C. § 1983,[1] claiming violations of his rights under the United States

Constitution.  (Dkt. 12).  Plaintiff alleges that, after defendants discovered that

plaintiff was to be released on parole, they retaliated against him by transferring

---

[1] This Report and Recommendation contains hyperlinks to statutory and case law references, for the ease of the parties and others viewing this document electronically.  This is not intended to be an endorsement of any product, service, or company.

him to a mental hospital for "intense treatment." *Id*. Plaintiff alleges that treatment was forced on him against his will and that because defendants refused to discharge him from "intense care," his parole was suspended. *Id*. On February 1, 2008, this matter was referred to the undersigned by District Judge David M. Lawson. (Dkt. 8).

On May 19, 2009, defendant Santiago filed a motion to dismiss. (Dkt. 70). Defendant Harris filed a motion to join defendant Santiago's motion to dismiss. (Dkt. 72). On May 22, 2009, the Court issued an order requiring plaintiff to respond to the motion to dismiss by June 15, 2009. (Dkt. 71). Plaintiff did not file a timely response to defendants' motion to dismiss. Thus, the Court ordered plaintiff to show cause, by August 6, 2009, why his claims against defendants Santiago and Harris should not be dismissed for failure to respond to their motion to dismiss. (Dkt. 75). Plaintiff has not responded to the order to show cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice for failure to prosecute. The undersigned further **RECOMMENDS** that defendants' motion to dismiss be **DENIED** as moot.

## II. ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiff ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that his case would be dismissed with prejudice if he again failed to respond to an order of the Court.

(Dkt. 75). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's complete failure to participate in this case since the filing of the complaint in January, 2009, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984).

Under the circumstances presented here, the undersigned suggests that plaintiff's complaint be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** out prejudice. The undersigned further recommends that defendants' motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

6

Report and Recommendation
*Sue Sponte* Dismissal
*Williams v. Caruso*; 08-10044

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: August 13, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

# CERTIFICATE OF SERVICE

      I certify that on August 13, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Daniel J. Ferris, Dawn C.M. Jack, Patrick McLain, and Adam Purnell, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Edward Williams, 2424 W. Grand Boulevard, Detroit, MI 48208.

      s/James P. Peltier  
      Courtroom Deputy Clerk  
      U.S. District Court  
      600 Church Street  
      Flint, MI 48502  
      (810) 341-7850  
      pete_peltier@mied.uscourts.gov